UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDY R. BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | Civil No. 04-2608  (JRT/RLE)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

Randall J. Fuller, **MIDWEST DISABILITY, P.A.,** 118 East Main Street, Anoka, MN 55303, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Judy R. Butler seeks judicial review pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), based on the denial of her application for disability insurance benefits and supplemental security income.  Both parties filed motions for summary judgment.  The case was referred to United States Magistrate Judge Raymond L. Erickson for initial screening and for a report and recommendation.  In his Report and Recommendation, the Magistrate Judge recommended that Butler's motion for summary judgment be denied and the Commissioner's motion be granted.  Butler timely filed objections.  The Court conducted a *de novo* review of the objections pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.  After a careful review of the record, the

Court finds that the Commissioner's decision conforms to the law and is supported by substantial evidence from the record as a whole, as required by 42 U.S.C. § 405(g). Therefore, the Court overrules Butler's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

On June 11, 2002, Butler stopped working as a special education teaching assistant because she could no longer physically perform her job duties. She alleges that she suffers from osteoarthritis, degeneration of the spine and hips, double vision, and dizziness.[1] Butler applied for benefits, which were denied by the Commissioner. Thereafter, she requested a hearing before an Administrative Law Judge (ALJ).

At the ALJ hearing on June 3, 2003, the written report from the vocational expert (VE) identified Butler's skills as entering data/keyboarding, proofreading, and maintaining records. In his testimony at the hearing, the VE included greeting, operating phones, and record keeping when asked what transferable skills an individual with Butler's physical limitations and prior employment experiences would have.

The ALJ denied Butler's claim for benefits on August 25, 2003, and Butler requested an Administrative Review before the Appeals Council, which declined to review the matter further. Thereafter, Butler commenced this action on April 30, 2004. After the Magistrate Judge recommended granting summary judgment in favor of the

---

[1] Further details regarding her medical conditions and medical expert opinion can be found in the Report and Recommendation.

Commissioner, Butler timely filed objections asserting that the ALJ improperly discounted testimony and improperly relied on the opinion of the vocational expert (VE).

## ANALYSIS

Butler first claims that the ALJ improperly discounted testimony regarding her impairment and functional ability. It is appropriate, however, to discredit subjective complaints of pain if they are inconsistent with the record as a whole. *Taylor v. Chater*, 118 F.3d 1274, 1277 (8th Cir. 1997). In accordance with the Magistrate Judge's Report and Recommendation, which explained in detail Butler's level of pain and her impairments, the Court finds that the ALJ properly discounted only those subjective complaints of pain inconsistent with Butler's daily living activities. *Id.*

Second, Butler asserts that the ALJ improperly relied on the inconsistent opinion of the VE's testimony and written report and that the VE classified common traits as transferable skills. The record demonstrates that the VE's testimony was not inconsistent, as it merely elaborated on the VE's written report. Thus, the ALJ's decision did not rely on faulty information. In addition, vocational assessments may classify common activities as transferable skills if they are conducted in a professional setting. *Surkand v. Barnhart*, 2001 WL 1518292, at *4 (E.D. La. Nov. 28, 2001) (holding that operating a telephone at a business is a skill distinguishable from the common ability to use a phone). The ALJ appropriately identified Butler's ability to greet, operate phones, and keep records as transferable skills, as opposed to traits, because the activities are

specific to a professional setting.  *Id.*  The ALJ, therefore, properly held that Butler possessed transferable skills in denying the disability claim.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** Butler's objections [Docket No. 15] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 12].  **IT IS HEREBY ORDERED** that:

1. Butler's motion for summary judgment[2] is **DENIED.**

2. The Commissioner's motion for summary judgment [Docket No. 9] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   July 6, 2005                              s/ John R. Tunheim          _
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge

---

[2] The Plaintiff's Motion for Summary Judgment has not been assigned a Docket Number, because it was attached to the Memorandum in Support of the Motion, which was entered as a "Brief" [Docket No. 8] in the electronic filing system.